In re Howard L. LEWIS and Nancy L. Lewis, Howard L. Lewis, t/d/b/a Lewis Trucking and Leasing, Debtors and Plaintiffs,

v.

John W. THOMPSON, Jr., Trustee, Defendant.

Bankruptcy No. 1–80–00701.
Adv. No. 1–81–0273.

United States Bankruptcy Court,
M.D. Pennsylvania.

June 17, 1983.

---

Linus E. Fenicle, Ernico & Fenicle, P.C., Harrisburg, Pa., for debtors and plaintiffs.

John W. Thompson, Jr., York, Pa., pro se.

## MEMORANDUM AND ORDER

ROBERT J. WOODSIDE, Bankruptcy Judge.

### History of this Order

The trustee has filed a "motion for reconsideration and stay pending reconsideration" and at the same time has filed a notice of appeal. The trustee wants us to reconsider our Order of March 24, 1983, (March Order), 28 B.R. 351 (Bkrtcy.1981) requiring that "the trustee pay to Howard L. Lewis and Nancy L. Lewis, the sum of $43,500 which amount represents fire insurance proceeds on exempt property of the debtors." The requested reconsideration pertains to three items: (1) whether we denied or granted the trustee's motions for revocation of discharge; (2) whether the debtors are entitled to insurance proceeds which cover non-exempt property destroyed in the fire; and (3) whether we may properly stay an appeal to the district court which was filed contemporaneously with the trustee's motion.

We have decided to reconsider our March 24, 1983 order and since that reconsideration does not depend on any additional facts not of record we shall do so in this opinion.

As the trustee suggests, our March Order fails to fully implement the Findings of Fact and Conclusions of Law set forth in our memorandum. As surmised by the Trustee, we found no evidence which would have supported a revocation of the debtors discharge and we shall file an amended order denying the trustee's motion for revocation.

We think the trustee has raised a valid point concerning our determination that the debtor was entitled to the entire amount of forty three thousand five hundred dollars ($43,500) in proceeds. In mak-

ing this determination we did not take into consideration the fact that some of these proceeds should be allocated to non-exempt property and thus remain with the trustee as property of the estate.

The debtors, following the advice of their insurance adjuster, compiled long detailed lists of the various items destroyed by the fire and priced them at retail prices by using various catalogues. The total value of the property came to ninety five thousand, three hundred twenty nine dollars and three cents ($95,329.03), and their list was filed as an amendment of schedules to schedules B–2 and B–4. The insurance adjustor depreciated the value of the item listed on schedules B–2 and B–4 by about fifty eight thousand dollars ($58,000) however, the maximum amount of content coverage was forty three thousand five hundred dollars ($43,500) which was paid to the trustee.

■ The trustee has requested that we determine whether some of the items may be exempted under subsection (b)(1) of section 522 of the Code. This we will not do because when this matter was originally submitted, the trustee signed a stipulation of facts which in paragraph 10 admitted that all the items listed in the amended schedules B–2 and B–4 were items which may be exempted.

As pointed out above, the total value of the property as submitted on the schedules was ninety five thousand three hundred twenty nine dollars and three cents ($95,-329.03) and the total amount of insurance proceeds paid was forty three thousand five hundred dollars ($43,500). Thus, the insurance proceeds represent approximately 47% of the original value. In reviewing the schedules the court found only the following items which when reduced to 47% of their listed value would exceed the amount of the allowable exemption.

| ITEM | LISTED VALUE | REDUCED TO 47% OF VALUE | MINUS EXEMPTION | NON-EXEMPT PROCEEDS |
|---|---|---|---|---|
| Women's jewelry | 2550 | 1199 | 500 | 699 |
| Men's jewelry | 2300 | 1081 | 500 | 581 |
| T.V. | 1100 | 517 | 400 | 117 |
| Refrigerator | 1330 | 625 | 400 | 225 |
| | | | Total non-exempt proceeds | $1622.00 |

The Court is of the opinion that the trustee should retain one thousand six hundred twenty two dollars ($1622.00) of the insurance proceeds as an asset of the estate and transmit the balance of forty one thousand eight hundred seventy eight dollars ($41,-878.00) to the debtors for their exemptions. We shall amend the March order to reflect this distribution.

The last issue raised by the trustee is whether we may properly stay the appeal which he filed to the District Court. This is not the first time that an attorney has filed simultaneously a motion for reconsideration and an appeal. There appears to be an uncertainty among the attorneys concerning the effect of the filing of a "motion for reconsideration" on the ten (10) day limit

for the filing of an appeal. Rule 802(b) addresses this problem. It provides:

(b) Effect of Motion on Time for Appeal

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the referee by any party pursuant to the rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment notwithstanding the verdict under Rule 115(b)(4); (2) granting or denying a motion under Rule 752(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if

the motion is granted; (3) granting or denying a motion under Rule 923 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 923.

 We interpret this rule and the word terminated to mean that a notice of appeal filed simultaneously with or subsequent to the filing of one of the above enumerated motions is of no effect. The advisory Committee's note indicates that Rule 802 "is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure." While Rule 4(a)(4) sets forth the above result more clearly, we do not feel the framers of Rule 802 intended a different result. In Rule 4(a)(4) it is stated:

> (4) ... "A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

Is the trustee's "Motion for Reconsideration" an enumerated motion under Rule 802(b)? We have examined the substance of the motion and feel that it could be considered as one filed under Rule 752(b) on Rule 923 and thus would have the affect of terminating the time to file a Notice of Appeal. The Trustee is not asking for a "rehearing" under Rule 812 which is not an enumerated Motion under 802(b). He is asking for an additional finding on the revocation of the discharge of the debtors and an amendment to our judgment to reflect that some of the insurance proceeds be allocated to exempt property. We have reconsidered our decision of March 24, 1983, and found that both of the points raised by the trustee had merit.

We shall file herewith an appropriate order from which, if an appeal is desired, a new notice of appeal should be filed.